```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION
```

| | | |
|---|---|---|
| RICHARD LEROY FLOYD, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:09-CV-97 LMB |
| | ) | |
| QUICK CASH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motions of Richard Floyd and Christine St. Cin for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the motions, the Court finds that plaintiffs are financially unable to pay any portion of the filing fee. As a result, plaintiffs will be granted leave to proceed in forma pauperis. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 1951-52.

**The Complaint**

Plaintiffs Richard Floyd ("Floyd") and Christine St. Cin ("St. Cin") bring this action under the Truth in Lending Act, RICO, and federal criminal law. Named as defendants are Quick Cash, Express Cash, Cash Country, Title Cash, Check Into Cash, KC Jiffy Mart, Cash Depot, Cash Advance, and The Money Tree. The complaint seeks monetary relief.

Plaintiffs' allegations are mostly conclusory. The conclusory allegations need not be set forth here or given an assumption of truth. Iqbal, 129 S. Ct. at 1950-51.

St. Cin alleges that she accidently gave The Money Tree a check she had endorsed to another business. St. Cin claims that The Money Tree then deposited the check, which was returned for

insufficient funds. St. Cin says that The Money Tree then told her that she needed to pay the amount of the check along with a handling fee. St. Cin claims that this shows that The Money Tree is incompetent.

St. Cin says that she has a vehicle title loan from Cash City.[1] St. Cin claims that Cash City does not give its debtors a 30 to 60 day grace period to pay their bills. St. Cin says that Cash City charges a $10 per day late fee, which she maintains is "usurious."

Floyd alleges that he got a pay day loan from Cash Depot. Floyd says that he asked for a one-month loan but that Cash Depot gave him a two-week loan. Floyd claims that Cash Depot charged him both a monthly and two-week interest rate. Floyd says he had trouble paying the loan because he receives social security benefits and only gets paid once per month.

Floyd claims that he got a loan from KC Jiffy Mart. Floyd states that he asked KC Jiffy Mart for an extension of time to repay his loan because he was having medical problems. Floyd alleges that he was granted the extension but that KC Jiffy Mart deposited a check he had written to it in spite of the extension.

## Discussion

The Truth in Lending Act ("TILA") requires that a creditor or lessor disclose to the person who is obligated on a consumer lease or a consumer credit transaction the information required under the Act. 15 U.S.C. § 1631(a). The purpose of TILA is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit . . ." 15 U.S.C. § 1601(a). TILA mandates that certain

---

[1]Plaintiffs did not name Cash City as a defendant. However, the Court will treat this claim as if plaintiffs intended to do so.

information be "clearly and conspicuously disclosed," such as the "annual percentage rate" and "finance charge." 15 U.S.C. § 1632(a). Plaintiffs have not brought forth any allegations that any of the defendants failed to disclose the information required under the Act. As a result, plaintiffs' claims under TILA fail to state a claim upon which relief can be granted.

"The RICO Act makes it unlawful for any person to conduct the affairs of an enterprise through a pattern of racketeering activity." Bennett v. Berg, 685 F.2d 1053, 1060 (8th Cir. 1982) (citing 18 U.S.C. § 1962(c)) (quotation marks and footnotes omitted). "Racketeering activity" is defined in 18 U.S.C. § 1961(1) and includes "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance" and various activities which are prohibited by state and federal law, such as extortionate credit transactions. The complaint does not contain any non-conclusory factual allegations that would rise to the level of "racketeering activity." Plaintiffs do state, in a conclusory fashion, that defendants violated federal laws relating to extortionate credit transactions. However, these allegations are devoid of facts that would give rise to a plausible claim for relief. As a result, plaintiffs' claims under RICO fail to state a claim upon which relief can be granted.

Plaintiffs' claims arising under the federal criminal statutes are frivolous. Initiation of a federal criminal prosecution is a discretionary decision within the Executive Branch and is not subject to judicial compulsion. See Ray v. United States Dept. of Justice, 508 F. Supp. 724, 725 (E.D. Mo. 1981); 28 U.S.C. § 547(1).

For these reasons, the Court finds that the complaint does not state a plausible claim for relief. As a result, the Court will dismiss this case pursuant to 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motions to proceed in forma pauperis are **GRANTED**. [Docs. 2, 3]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED** as moot. [Docs. 7, 8, 9]

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  29th  day of July, 2009.